# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TAKODA HLAVATY, LANDON BAKER,                                    PLAINTIFFS
JOSE BALADEZ, DARRELL BALLENTINE,
CHRISTOPHER BARNARD, ESTEBAN EDUARDO BARRERA,
CLINTON BASOCO, CLAYTON BEATTY, JEROME BEECHAM,
JAMES BENNETT, JOSEPH BESS, DAVID BOCHAT,
JAMES BORISKI, CHRISTOPHER BOYLE, ARTHUR BRALICK,
BART BRUNKHURST, RICHARD BURKE, MICHAEL CAFFEY,
BILLY CALL, COLE CARNEY, GUY HENRY COLE,
SCOTT COOPER, CALVIN COPPAK, JEREMY CORL,
TERRELL CORMIER, CHARLES COX, NICHOLAS COX,
THOMAS DOYLE, CHRISTOPHER EASTER, CHAD ENGLAND,
PAUL FRANCIS, LARRY FREITAS, RAY FRUM, ADRIAN GONZALEZ,
RODRICK GREER, JOSHUA GUSEWELLE, MICHAEL GUTIERREZ,
ELTARA HALLMAN, WILLIE HAMILTON, JARED HARLOW,
ROBERT NATHAN HARRISON, GARY HARSSON, MICHAEL HENSLEY,
ANTHONY HENSON, JAIME HERNANDEZ, MICHAEL HOOKER,
DERRICK JACKSON, ROLAND JACKSON, CHAD KAMINSKI,
TIMOTHY KAMINSKI, JOSHUA KERR, JAKE KING, PATRICK LAQUA,
ZACHARY LINK, HUMBERTO LOERA, NICHOLAS LOWMAN,
FRANCISCO MARTINEZ, TROY MCFARLAND, MICHAEL MUNIZ,
CRAIG NELSON, STEPHEN PALACIOS, GABE PARKER,
REGINALD WASHINGTON, JIMMY WEBB, AARON YOUNG,
and CHRIS TREVINO, Each Individually and on
behalf of All Others Similarly Situated

vs.                                   No. 5:16-cv-949-DAE

**INTEGRATED PRODUCTION SERVICES, INC.**                         **DEFENDANT**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Takoda Hlavaty, Landon Baker, Jose Baladez, Darrell Ballentine, Christopher Barnard, Esteban Eduardo Barrera, Clinton Basoco, Clayton Beatty, Jerome Beecham, James Bennett, Joseph Bess, David Bochat, James Boriski,

Christopher Boyle, Arthur Bralick, Bart Brunkhurst, Richard Burke, Michael Caffey, Billy Call, Cole Carney, Guy Henry Cole, Scott Cooper, Calvin Coppak, Jeremy Corl, Terrell Cormier, Charles Cox, Nicholas Cox, Thomas Doyle, Christopher Easter, Chad England, Paul Francis, Larry Freitas, Ray Frum, Adrian Gonzalez, Rodrick Greer, Joshua Gusewelle, Michael Gutierrez, Eltara Hallman, Willie Hamilton, Jared Harlow, Robert Nathan Harrison, Gary Harsson, Michael Hensley, Anthony Henson, Jaime Hernandez, Michael Hooker, Derrick Jackson, Roland Jackson, Chad Kaminski, Timothy Kaminski, Joshua Kerr, Jake King, Patrick Laqua, Zachary Link, Humberto Loera, Nicholas Lowman, Francisco Martinez, Troy McFarland, Michael Muniz, Craig Nelson, Stephen Palacios, Gabe Parker, Reginald Washington, Jimmy Webb, Aaron Young and Chris Trevino, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action against Defendant Integrated Production Services, Inc. ("Defendant"), and in support thereof they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. The purpose of filing this First Amended and Substituted Complaint (hereinafter "Complaint") is to clarify Plaintiffs' claims against Defendant and to add certain facts in support of those claims.

2. This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the FLSA.

3. The proposed Section 216 class is composed entirely of employees who are or were hourly-paid oilfield workers for Defendant, who, during the applicable time

period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.[1]

4. The proposed Section 216 class will seek recovery of monetary damages for overtime hours worked by Plaintiff and the putative class members.

5. Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all hours worked in excess of forty hours in a single week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

7. Plaintiffs file herewith their own written Consents to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.   THE PARTIES

8. Plaintiff Takoda Hlavaty is a resident and citizen of Brazorio County, Texas. He was employed by Defendant to work in oilfields in Texas.

9. At all times relevant hereto Plaintiff Hlavaty paid an hourly rate plus bonuses for his work for Defendant.

10. Plaintiff Hlavaty's dates of employment for Defendant are as follows: from

---

[1] *Guillermo Tamez et al v. Integrated Production Services, Inc.*, 5:16-cv-55-RP (W.D. Tex. Jan. 20, 2016) covers misclassified salaried Equipment Operators and Field Supervisors employed by Defendant. The present action is exclusive of those claims and only covers hourly-paid oilfield workers.

subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

211.  The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.    REPRESENTATIVE ACTION ALLEGATIONS

212.  Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid oilfield workers who were or are denied payment for all hours worked over forty per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

213.  Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as hourly-paid oilfield workers, some of whom also received non-discretionary bonuses, from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

214.  Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds fifty persons but is less than 250 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

215.  The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A.  Defendant's uniform policies and practices that resulted in the requirement that Plaintiffs and class members perform off-the-clock work for Defendant;

B.  Defendant's failure to pay Plaintiffs and members of the class overtime compensation for all hours worked over forty per week in violation of the FLSA, 29 U.S.C. § 201 et seq.; and

C.  Defendant's failure to properly calculate overtime pay for Plaintiffs and the members of the class.

216. Because other hourly-paid oilfield workers are similarly situated to Plaintiffs, and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

> **Each individual employed as an hourly-paid oilfield worker for Defendant at any time within the three years preceding the filing of Plaintiffs' Original Complaint.**

217. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

218. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

## V.   FACTUAL ALLEGATIONS

219. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

220. Plaintiffs worked as hourly-paid oilfield workers for Defendant within the

three years preceding the filing of the Original Complaint.

221. Plaintiffs' duties as hourly-paid oilfield workers included performing manual labor at oil well and gas well sites to assist in pumping and fracking the wells. These duties included loading, unloading, transporting, assembling, operating and/or repairing oilfield equipment.

222. Members of the class performed similar duties.

223. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the four calendar years preceding the filing of the Original Complaint.

224. To perform their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

225. Throughout the time relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce as defined by the FLSA.

226. Defendant paid Plaintiffs, and all other hourly-paid oilfield workers during Plaintiffs' tenure, an hourly wage. Most Plaintiffs and hourly-paid oilfield workers also received non-discretionary bonuses.

227. Plaintiffs regularly worked more than 40 hours per week as hourly-paid oilfield workers.

228. Hourly-paid oilfield workers other than Plaintiffs also regularly worked more than 40 hours per week.

229. Plaintiffs and other hourly-paid oilfield workers regularly performed work for Defendant for which they were not compensated, including but not limited to taking work-related phone calls for Defendant.

230. Plaintiffs and other hourly-paid oilfield workers performed the uncompensated work described above in most weeks that they worked for Defendant, including weeks during which they also worked at least forty hours for which they were compensated.

231. The uncompensated work described above was significant, and it would not be uncommon for Plaintiffs and other hourly-paid oilfield workers to perform more than one hour per week of such uncompensated work.

232. Upon information and belief, Defendant had actual knowledge that Plaintiffs and other hourly-paid oilfield workers performed the work described above and that Plaintiffs and other hourly-paid oilfield workers were not compensated for their work; alternatively, Defendant had actual knowledge that its policies and practices would inevitably result in the performance of the uncompensated work described above.

233. The bonuses Defendant paid to Plaintiffs and other hourly-paid oilfield workers were promised by Defendant in advance and were based on specific criteria and/or performance goals set by Defendant in advance.

234. When calculating overtime pay for Plaintiffs and other hourly-paid oilfield workers, Defendant failed to include the non-discretionary bonuses it paid to Plaintiffs in those calculations.

235. Upon information and belief, Defendant knew, or showed reckless disregard for whether, its pay practices toward Plaintiffs and other hourly-paid oilfield

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Landon Baker, Jose Baladez, Darrell Ballentine, Christopher Barnard, Esteban Eduardo Barrera, Clinton Basoco, Clayton Beatty, Jerome Beecham, James Bennett, Joseph Bess, David Bochat, James Boriski, Christopher Boyle, Arthur Bralick, Bart Brunkhurst, Richard Burke, Michael Caffey, Billy Call, Cole Carney, Guy Henry Cole, Scott Cooper, Calvin Coppak, Jeremy Corl, Terrell Cormier, Charles Cox, Nicholas Cox, Thomas Doyle, Christopher Easter, Chad England, Paul Francis, Larry Freitas, Ray Frum, Adrian Gonzalez, Rodrick Greer, Joshua Gusewelle, Michael Gutierrez, Eltara Hallman, Willie Hamilton, Jared Harlow, Robert Nathan Harrison, Gary Harsson, Michael Hensley, Anthony Henson, Jaime Hernandez, Michael Hooker, Derrick Jackson, Roland Jackson, Chad Kaminski, Timothy Kaminski, Joshua Kerr, Jake King, Patrick Laqua, Zachary Link, Humberto Loera, Nicholas Lowman, Francisco Martinez, Troy McFarland, Michael Muniz, Craig Nelson, Stephen Palacios, Gabe Parker, Reginald Washington, Jimmy Webb, Aaron Young and Chris Trevino, each individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g)     An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

TAKODA HLAVATY, LANDON BAKER, JOSE BALADEZ, DARRELL BALLENTINE, CHRISTOPHER BARNARD, ESTEBAN EDUARDO BARRERA, CLINTON BASOCO, CLAYTON BEATTY, JEROME BEECHAM, JAMES BENNETT, JOSEPH BESS, DAVID BOCHAT, JAMES BORISKI, CHRISTOPHER BOYLE, ARTHUR BRALICK, BART BRUNKHURST, RICHARD BURKE, MICHAEL CAFFEY, BILLY CALL, COLE CARNEY, GUY HENRY COLE, SCOTT COOPER, CALVIN COPPAK, JEREMY CORL, TERRELL CORMIER, CHARLES COX, NICHOLAS COX, THOMAS DOYLE, CHRISTOPHER EASTER, CHAD ENGLAND, PAUL FRAN-

CIS, LARRY FREITAS, RAY FRUM,
ADRIAN GONZALEZ, RODRICK GREER,
JOSHUA GUSEWELLE, MICHAEL
GUTIERREZ, ELTARA HALLMAN, WILLIE
HAMILTON, JARED HARLOW, ROBERT
NATHAN HARRISON, GARY HARSSON,
MICHAEL HENSLEY, ANTHONY HENSON,
JAIME HERNANDEZ, MICHAEL HOOKER,
DERRICK JACKSON, ROLAND JACKSON,
CHAD KAMINSKI, TIMOTHY KAMINSKI,
JOSHUA KERR, JAKE KING, PATRICK
LAQUA, ZACHARY LINK, HUMBERTO
LOERA, NICHOLAS LOWMAN, FRAN-
CISCO MARTINEZ, TROY MCFARLAND,
MICHAEL MUNIZ, CRAIG NELSON,
STEPHEN PALACIOS, GABE PARKER,
REGINALD WASHINGTON, JIMMY WEBB,
AARON YOUNG and CHRIS TREVINO,
Each Individually and on behalf of All
Others Similarly Situated, PLAINTIFFS

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

    I, Josh Sanford, do hereby certify that a true and correct copy of the AMENDED COMPLAINT has been electronically filed with the Clerk for the U.S. District Court, Western District of Texas, San Antonio Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of the Court an electronic copy thereof:

Mark A. McNitzky, Esq.
Lawrence D. Smith, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Tel. 210-354-1300
Fax 210-277-2702
mark.mcnitzky@ogletreedeakins.com
larry.smith@ogletreedeakins.com

                                               /s/ Josh Sanford
                                               **Josh Sanford**